IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

SIDNEY R. BURRALL, JR.,
**Claimant Below, Petitioner**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 22-ICA-183      (JCN: 2020002162)**

SWISHER INTERNATIONAL GROUP, INC.,
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Sidney R. Burrall, Jr., appeals the September 22, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Swisher International Group, Inc. ("Swisher") filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the February 15, 2022, claim administrator's denial of reopening this claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Burrall, now twenty-nine years old, had an occupational injury on July 10, 2019, while employed by Swisher as a tobacco feeder. As a tobacco feeder, Mr. Burrall was responsible for raking and pitching tobacco and cigarettes, and dumping barrels full of metal cans and lids into separate machines, among other tasks. On July 10, 2019, he was raking cigarettes when he felt a clicking sensation followed by pain in his right shoulder. He reported the incident to his supervisor and finished his shift. He later saw his primary care provider, John Gray, M.D., and was also seen at Wheeling Hospital where a physician completed the physician's portion of the WC-1 form on August 13, 2019. Mr. Burrall was diagnosed with a trapezius and scapular strain and was restricted from working from August 5, 2019, through August 13, 2019. Mr. Burrall received an injection in his right trapezius muscle that reduced the pain to a tolerable level. When he returned to work, he

---

[1] Petitioner is represented by William C. Gallagher, Esq. Respondent is represented by Jane Ann Pancake, Esq. and Jeffrey B. Brannon, Esq.

1

was able to resume his pre-injury work full duty. The claim administrator approved his workers' compensation claim on August 21, 2019, for strain of other muscles, fascia and tendons at shoulder and upper arm level, unspecified arm, initial encounter. Mr. Burrall was granted TTD benefits from August 6, 2019, through August 13, 2019.

Thereafter, Mr. Burrall continued working without incident until sometime in June of 2020, when he had another right shoulder episode while doing overhead work pitching tobacco. He felt pain in his right shoulder similar to the previous episode. This time he continued working until he was able to see Dr. Gray, which due to Covid-related scheduling issues, was not until August 3, 2020. Mr. Burrall stated that upon examination by Dr. Gray on August 3, 2020, he had swelling in his right trapezius muscle and Dr. Gray took him off work. Dr. Gray prescribed physical therapy and eventually referred him to an orthopedic surgeon, Dante Marra, M.D.

Mr. Burrall attended physical therapy approximately twice a week for about six weeks but did not find it helpful. He also received additional injections into the affected shoulder, but these were not helpful either. He had a right shoulder MRI in August 2020 which was essentially unremarkable, and an x-ray of the right shoulder which showed an abnormality in the AC joint. Mr. Burrall requested his claim be reopened for TTD benefits in August of 2020, and it was reopened on September 25, 2020.

On November 24, 2020, Mr. Burrall was seen by Chuan Fang Jin, M.D., at WVU Occupational Medicine for an independent medical evaluation ("IME"). Mr. Burrall recounted his medical history and complained of a constant, sharp pain in his right shoulder that was worse with movement, and that occasionally caused tingling or shooting sensations in his arm and hand when he raised or lowered the arm. He reported that Dr. Marra wanted to perform surgery but had not done so. Dr. Jin examined Mr. Burrall and reviewed his relevant medical records and found that the right shoulder pain he experienced in July of 2019 was likely due to a sprain/strain injury that had resolved. She also found that his recurrent right shoulder pain of 2020 was not likely caused by his work; instead, it was more likely that he had some underlying preexisting pathology that was becoming symptomatic at work. Mr. Burrall's clinical symptoms indicated to Dr. Jin the possibility of thoracic outlet syndrome and/or right scapular dyskinesis. She opined that if he had a true sprain/strain injury in 2019, it should have resolved and healed after conservative treatment, and that such an injury was not of the type that would recur a year later. As such, Dr. Jin found no indication for Mr. Burrall to undergo surgery and opined that his occupational injury of July 10, 2019, was not responsible for the symptoms he exhibited during the November 24, 2020, IME.

As indicated above, Dr. Marra attempted to treat Mr. Burrall's shoulder conservatively, but eventually determined that arthroscopic surgery was necessary. Pursuant to Dr. Jin's IME, by order dated December 21, 2020, the claim administrator denied the request for arthroscopic surgery. Mr. Burrall protested the denial, but the

2

Workers' Compensation Office of Judges affirmed the order on April 19, 2021, on the basis that Mr. Burrall did not present any medical evidence to support his protest. Mr. Burrall did not appeal this decision.

Nevertheless, Dr. Marra performed the arthroscopic surgery on Mr. Burrall's right shoulder in June of 2021, and then performed a right shoulder manipulation under anesthesia on November 2, 2021. Mr. Burrall's private health insurance covered these procedures.

Mr. Burrall returned to work at Swisher in January of 2022 and was able to bid on a different position that required less physical activity involving his right shoulder. In his current position on the conditioning crew, he operates a forklift and can perform that job full time without restrictions.

The procedural history is not entirely clear from the appendix record, but it appears that Mr. Burrall received TTD benefits from the time they were reopened on September 25, 2020, until March 22, 2021. Mr. Burrall did not protest the closing of his TTD benefits at that time. He requested his claim be reopened for TTD benefits on January 31, 2022, for the period between March 2021 to January 24, 2022. His request was denied by the claim administrator per a decision dated February 15, 2022, and was affirmed by the Board on September 22, 2022. It is from that affirmance that Mr. Burrall appeals herein.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

For the purposes of reopening a workers' compensation claim in order to receive an award of additional TTD benefits, "the claimant must show a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury." Syl., *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 234 S.E.2d 779 (1977).

In his appeal, Mr. Burrall asserts that he met this burden through his deposition testimony that he received continued medical treatment for his injury after he saw Dr. Jin for the November 2020 IME and because he submitted Attending Physician Benefits Forms completed by Dr. Marra. He further argues that Dr. Jin's "feeling" that Mr. Burrall had an underlying pathology in his right shoulder is not supported by the medical evidence, and that the opinion of his treating physician, Dr. Marra, should outweigh that of Dr. Jin.

Upon review, we find no reversible error in the Board's decision to affirm the claim administrator's denial. Mr. Burrall has the burden of showing competent evidence to establish that he had experienced a progression or aggravation of his compensable injury. However, his claim reopening application for TTD did not state whether there was a progression or aggravation of his disability. The application form, signed by Dr. Marra, lists multiple diagnoses in addition to the compensable condition, but does not include any details concerning any physical findings that would indicate an aggravation or progression of the compensable shoulder strain. The lone medical record submitted with the application does not contain a diagnosis and does not include any information to suggest an aggravation or progression of the compensable injury. The Attending Physician Benefits Forms submitted by Mr. Burrall list dates that Dr. Marra estimated he was temporarily totally disabled and unable to work, but those documents do not include any information regarding the diagnoses for which Dr. Marra found him to be unable to work, and do not include the required updated detailed medical reports and treatment plans. Therefore, we find that the Board's conclusion that the evidence does not establish that Mr. Burrall meets the test set forth in *Harper* to justify a reopening of his claim for TTD benefits is not clearly wrong.

Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**
Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4